**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 4:08-cr-70 |
| v. : | (Chief Judge Kane) |
| : | |
| SHAWN COOYA and RITZ WILLIAMS, : | |
|     Defendants : | |

## MEMORANDUM ORDER

On March 7, 2011, the United States of America filed a motion requiring Defendants to provide notice of whether they intend to introduce mental health evidence during the guilt or penalty phase of the trial, and to submit to an examination by a government expert in accordance with Rule 12.2 of the Federal Rules of Criminal Procedure. (Doc. No. 316.) Defendants filed a brief in opposition. (Doc. No. 330.) The thirty days having passed for the United States to file a reply brief in accordance with Judge McClure's pretrial order (Doc. No. 267), the matter is now ripe for disposition.

Rule 12.2 of the Federal Rules of Criminal Procedure governs a defendant's duty of disclosure regarding mental health evidence. Rule 12.2(a) requires a defendant to file a notice of his intent to pursue an insanity defense within the time provided for the filing of a pretrial motion, or at a later time set by the court. Fed. R. Crim. P. 12.2(a). In addition, Rule 12.2(b) requires a defendant to file a notice of his intent to introduce expert evidence bearing on either "(1) the issue of guilt or (2) the issue of punishment in a capital case" within the time provided for the filing of a pretrial motion, or at a later time set by the court. Fed. R. Crim. P. 12.2(b). If such notice has been filed, Rule 12(c)(1) outlines procedures for examination of the defendant by

the government. Fed. R. Crim. P. 12(c)(1).[1]

On August 10, 2010, Judge McClure ordered that all pretrial motions shall be filed on or before September 1, 2011. (Doc. No. 267.) Accordingly, the Court will order Defendants, consistent with Rule 12.2, to provide the United States with notice of Defendants' intent to pursue an insanity defense or intention to introduce expert evidence of a mental condition by September 1, 2011. Providing notice by that date will provide all parties with ample time to resolve all issues arising from this decision without delaying trial.

In addition to disputing the timing of the notice, the parties dispute the content of the notice. Rule 12.2(b) requires meaningful notice. United States v. Lujan, 530 F. Supp. 2d 1224, 1238 (D.N.M. 2008); United States v. Johnson, 362 F.Supp.2d 1043, 1079 (N.D. Iowa 2005). The Western District of Pennsylvania has held that "notice shall include the name and professional qualification of any mental health professional who may testify and a brief, general summary of the topics to be addressed that is sufficient to permit the government to determine the area in which its expert must be versed." United States v. Minerd, 197 F. Supp. 2d 272, 277

---

[1] The Rule provides in full:

> (A) The court may order the defendant to submit to a competency examination under 18 U.S.C. § 4241.
>
> (B) If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242. If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

Fed. R. Crim. P. 12(c)(1).

(W.D. Pa. 2002); see also United States v. Edelin, 134 F. Supp. 2d 45, 58 (D.D.C. 2001); United States v. Beckford, 962 F. Supp. 748, 763-764 (E.D. Va. 1997).  This is precisely the type of notice requested by the United States.  More recent cases however, have held that while it is appropriate to provide notice of the "kind of expert" who may testify, the type of testing to be done,[2] ands a general summary of the topics to be addressed, the names and qualifications of the experts need not be provided in the Rule 12.2 notice.  See Lujan, 530 F. Supp. 2d at 1238; United States v. Wilson, 493 F. Supp. 2d 348, 352-53 (E.D.N.Y. 2006); but see United States v. Taveras, 233 F.R.D. 318, 323 (E.D.N.Y. 2006) (observing that the defendant and government agreed to exchange the names and curricula vitae of their expert witnesses, thus satisfying Rule 12.2).  The Court concludes that Rule 12.2(b)'s requirement of meaningful notice is satisfied by a defendant informing the government of the kinds of mental health professionals who may testify as well as a brief, general summary of the topics to be addressed and the type of testing to be done.  If the United States is dissatisfied with any Rule 12.2 notice Defendants may ultimately file, the United States may seek additional information by filing a motion with the Court.

     Finally, the Court will not, at this time, grant the Government's motion for an examination of Defendants.  To date, Defendants have not provided notice regarding what type of evidence of their mental condition, if any, they intend to introduce at trial.  Because Rule 12.2(c)(1)(B) only permits the Court to order an examination of Defendants by the United States "[i]f the defendant provides notice" of his intent to introduce evidence of his mental condition,

---

[2] Of course, although courts have required the Rule 12.2 notice to include the types of tests a defendant will undergo, courts have held that the government is not entitled to notice of the nature of a defendant's alleged mental condition in the Rule 12.2 notice.  See, e.g., Johnson, 362 F. Supp. 2d at 1081; Sampson, 335 F. Supp. 2d 166, 243 (D. Mass. 2004).

the Government's motion to order an examination is not yet ripe for consideration. Therefore, the Court must reserve judgment on this issue until Defendants submit such notice.

**ACCORDINGLY**, on this 23rd day of May 2011, upon consideration of the Government's motion requiring Defendants to provide notice of whether they intend to introduce mental health evidence during the guilt or penalty phase of the trial, and to submit to an examination by a government expert (Doc. No. 316), **IT IS HEREBY ORDERED THAT** Defendants **SHALL** have until September 1, 2011, to submit any Rule 12.2 notice they intend to submit. Said notice shall be "meaningful" as described more fully in this memorandum order. The Court will reserve judgment on the issue of whether to require Defendants to submit to a mental examination until after such notice is filed.

      S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania