## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 4:08-cr-70 |
| v.  : | (Chief Judge Kane) |
| : | |
| SHAWN COOYA and RITZ WILLIAMS, : | |
|     Defendants  : | |

### MEMORANDUM ORDER

On March 15, 2011, the Court denied Defendants' motion for a bill of particulars. (Doc. No. 321.) Following the Court's order, Defendants filed a motion for informational outlines requesting informational outlines with respect to the asserted mental state eligibility factors as well as the statutory and non-statutory aggravating factors. (Doc. No. 337.) The United States has opposed the motion. (Doc. No. 385.) On November 15, 2011, the Court held a telephone conference with the parties to discuss Defendants' motion. The motion is now ripe for disposition. The Court will individually consider the request for informational outlines as to each issue on which Defendants have requested outlines.

**I.  MENTAL STATE FACTORS**

In their brief in reply, Defendants clarify that they seek information outlines regarding paragraphs 1 through 4 of the notice of intent to seek the death penalty with respect to each Defendant. (Doc. No. 388 at 10.) That is, they request informational outlines to establish that: (1) Defendants intentionally killed the victim; (2) Defendants intentionally inflicted serious bodily injury that resulted in the death of the victim; (3) Defendants participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person; and (4) Defendants intentionally and specifically engaged in

an act of violence. (Doc. No. 161 at 1-2; Doc. No. 162 at 1-2.) The Superseding Indictment in this matter provides more than sufficient information on these issues to ensure that Defendants will be able to adequately prepare their defense on these issues. Defendants are charged with unlawfully killing Alvin Allery "by repeatedly stabbing him with a homemade knife and repeatedly kicking him about the head and torso." (Doc. No. 155 at 1.) In light of the relatively straightforward allegations the Court find that an informational outline would be unnecessary.[1] Accordingly, the Court must deny Defendants' motion on this issue.

## II.   HEINOUS, CRUEL, OR DEPRAVED MANNER OF KILLING

Regarding the "heinous, cruel, or depraved manner of killing" aggravating factor, Defendants appear to be making a legal argument that what the United States intends to prove is insufficient as a matter of law to establish this aggravating factor. In so doing, they implicitly concede that they know precisely what the United States intends to prove to establish the aggravating factor, and indeed, are prepared to mount a defense as to that factor. The United States believes "that stabbing the victim multiple times and repeatedly kicking the victim to the point of breaking bones is a heinous, cruel[,] and depraved manner of murder." (Doc. No. 385 at 6.) The Defendants are free to disagree and argue to the contrary. They cannot, however, contend that they are unprepared to defend against this aggravating factor. Accordingly, the Court must deny Defendants' motion on this issue.

## III.   SUBSTANTIAL PLANNING AND PREMEDITATION

Next, Defendants argue they are entitled to an informational outline as to the "substantial

---

[1] This is especially true in this matter where the United States has represented that the killing was captured on video tape. Surely, in such circumstances, Defendants can anticipate what evidence the United States will use to establish that the killing was intentional.

planning and premeditation" aggravating factor. Specifically, Defendants argue:

> Although the government asserts that defense counsel can pour through the voluminous discovery which has been presented and guess and speculate how the government intends to spin the facts to prove this statutory aggravating factor, the government gives defense counsel excessive credit for their individual and combined ESP. While reviewing the video which has been provided as part of discovery, one can observe conduct on the part of the Defendants which arguably supports "simply premeditation," the defense attorneys are unable to discern, individually or collectively, how what is depicted on the video and what is contained in the various items of written discovery supports proof beyond a reasonable doubt that there was substantial premeditation, let alone both substantial planning and premeditation.

(Doc. No. 388 at 15.) Based on this argument, the Court can only conclude that Defendants are not requesting information regarding the nature of the evidence the United States will present, but rather they are asking the Court to order the United States to explain how the United States will "spin" the facts. Defendants are not entitled to the Government's litigation playbook. The Court can discern to reason to believe Defendants will be surprised at trial by the facts presented at trial in support of this aggravating factor. Accordingly, Defendants are not entitled to an informational outline on this basis.

## IV. FUTURE DANGEROUSNESS

Finally, Defendants argue that they require an informational outline on the "future dangerousness" aggravating factor. Once again, the Court can imagine no basis for Defendants' confusion. Both notices of intent to seek the death penalty note that the defendant in question "demonstrated a low potential for rehabilitation as evidenced by, among other things, his involvement in numerous disciplinary infractions while serving his sentence of confinement and while confined prior to trial." (Doc. No. 161 at 3; Doc. No. 162 at 3-4.) As to Defendant Cooya,

the United States also notes in its notice of intent to seek the death penalty that Defendant Cooya, "through his actions and statements, has demonstrated a lack of remorse concerning his commission of the offense charged." (Doc. No. 161 at 3-4.) The United States has further indicated that it has disclosed Defendants' criminal history, disciplinary infractions while incarcerated, and statements Defendant Cooya made after the murder. (Doc. No. 385 at 8.) Defendants require no further information to prepare to defend against this aggravating factor. Accordingly, the motion for an informational outline must be denied.

## V.   CONCLUSION

Defendants, to their credit, acknowledge that they are not, by any rule, entitled to an informational outline. (Doc. No. 388 at 3-4.) Rather, they contend that the Court should order an informational outline "under its inherent authority to act in the interest of justice and fairness." (Id. at 4.) Courts have not, however, shown a willingness to order informational outlines each time a request for such outlines is made. Courts refuse to order such outlines where there is no danger of surprise at trial or a potential sentencing phase. See, e.g., United States v. Wilson, 493 F. Supp. 2d 364, 376 (E.D.N.Y. 2006) (denying informational outlines on the aggravating factors of pecuniary gain and substantial planning and premeditation because the indictment and discovery ensured that the defendant would face no surprise at trial); United States v. Plaza, 179 F. Supp. 2d 464, 472-73 (E.D. Pa. 2001) (noting that "[f]or most of the aggravating factors proposed in this case, the defendants already have sufficient notice of what evidence will be presented at trial" and denying an informational outline as to those aggravating factors). Further, courts have refused to order the Government to disclose information about trial strategy or the Government's theory of the case. See, e.g., United States v. Solomon, 513 F.

Supp. 2d 520, 535 (W.D. Pa. 2007) (granting a motion for an informational outline on a victim impact aggravating factor, but instructing that the government need not provide "a revelation of evidentiary detail or the Government's theory of its case").  Upon a review of each of the issues on which Defendants request an informational outline, it is clear that Defendants would not be unfairly surprised in the absence of such an outline.  Rather, it appears that to the extent Defendants desire any information, they desire nothing more than the Government's theory of the case.  This is not the proper basis for an informational outline.

   **ACCORDINGLY**, on this 23rd day of November 2011, **IT IS HEREBY ORDERED THAT** Defendants' motion for an informational outline (Doc. No. 337) is **DENIED**.

                s/ Yvette Kane
                Yvette Kane, Chief Judge
                United States District Court
                Middle District of Pennsylvania